

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Theophilus S. Painter
Acting President
The University of Texas
Austin 12, Texas

Dear Sir:    Opinion No. 0-6476
       Re: Whether under the facts
        stated the Board of Regents
        of the University of Texas
        is authorized to expend state
        funds to assist in the pub-
        lication of a manuscript
        entitled "Contemporary Spanish-
        American Fiction".

    Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

    "Your opinion is respectfully requested upon the following inquiry:

    "In connection with the Institute of Latin-American Studies the following items of appropriation to be made out of the budget established for the support and maintenance of said Institute was recommended to the Board of Regents for its approval:

    "'Approve the following Grant-in-Aid for Publication payable from the newly created account:

    "'(1) $1,000 to Dr. J. R. Spell to assist in the publication of his manuscript CONTEMPORARY SPANISH-AMERICAN FICTION by the University of North Carolina Press. 500 copies of the publication will be given to the Institute.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Theophilus S. Painter - Page 2

"In the discussion of this item the
question of the legality was raised, and conse-
quently, your opinion is requested as to whether
or not the Board of Regents is authorized to
expend state funds for this purpose?

"The Board of Regents of The University
of Texas authorized the establishment of the In-
stitute of Latin-American Studies in 1940 as a
division or department in the University, and it
was at first supported by Federal funds, however,
its operational support now comes almost exclusive-
ly from the University's local funds.

"The Institute provides courses of study
in both undergraduate and graduate work on Latin-
American affairs, carries on research and makes
publication of material relating to such work, and
other cultural activities at the University.  It
was established because of the growing interest in
Latin-American affairs, and the fact that a know-
ledge of the history, language, culture, and social
institutions of Latin America is an asset in a
professional or business career, particularly when
an intimate knowledge of Latin-American countries
and people is essential.  Furthermore, the Insti-
tute serves to improve the international relation-
ship and a better understanding between the peoples
of those countries and this state and nation.

"This grant recommended for Dr. Spell
is, in effect, a grant-in-aid for the publication
of a manuscript.  In return for this grant-in-aid
the publisher will give to the Institute the
stated number of copies of the work."

Articles 2584 and 2585, Vernon's Annotated Texas
Civil Statutes, read as follows:

"Art. 2584.   The government of the
University-

"The government of the University of
Texas shall be vested in a Board of Regents com-
posed of nine persons.  They shall elect a chair-
man from their number who shall serve at the

pleasure of the board. The State Treasurer shall be the treasurer of the University. The board shall have the right to make and use a common seal and may alter the same at pleasure."

"Art. 2585 - Powers

"They shall establish the departments of a first-class university, determine the offices and professorships, appoint a president, who shall, if they think it advisable, also discharge the duties of a professor, appoint the professors and other officers, fix their respective salaries; and they shall enact such by-laws, rules and regulations as may be necessary for the successful management and government of the University; they shall have power to regulate the course of instruction and prescribe, by and with the advice of the professors, the books and authorities used in the several departments, and to confer such degrees and to grant such diplomas as are usually conferred and granted by unversities."

With respect to the authority vested in the Board of Regents of the University of Texas under the above quoted statutes, the Commission of Appeals of the State of Texas in the case of Foley v. Benedict, 55 S. W. (2) 805, opinion adopted by the Supreme Court, has declared:

"The Legislature of this state having lodged the power with the Board of Regents to enact rules and regulations as may be necessary for the successful management and government of the University, they shall have power to adopt such rules and to regulate the course of instruction, and prescribe, by and with the advice of the faculty, the books and authorities used in the several departments. That authority rests with the Board of Regents and the faculty as provided for by statute; and, if a change or modification is desired in the rules and regulations, it is a matter for the consideration of the Legislature. The courts will not interfere therewith in the absence of a clear showing

Hon. Theophilus S. Painter - Page 4

that they have acted arbitrarily or have abused the authority vested in them. The great weight of authority sustains this doctrine."

Opinion No. 0-4167 of this department, a copy of which is in your files, holds that under the general powers conferred by Article 2585, the Board of Regents possessed the power to establish a Public Relations Department and a Development Board and to expend University funds for such agencies even though there was no statutory authority therefor.

Opinion No. 0-6239 of this department, a copy of which is in your files, holds that the Board of Regents is authorized to enter into a contract whereby the University will be furnished certain data and information concerning students and ex-students and pay for same out of any unappropriated balance of funds available to the Board for such purpose.

Under the facts stated in your letter the Institute is a division or department of the University of Texas and the Institute will receive 500 copies of the publication in exchange for the $1000 grant.

It is our opinion that the Board of Regents has the authority to expend University funds for the purpose stated in your letter out of any unappropriated balance of funds available to the Board for this purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    Wm. J. Fanning
                          Assistant

WJF:Bt

